

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 26 2014

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JAMES J. NAPLES, Assignee of Pinewood Enterprises and GREG STEPHENS | APPELLANTS |
| v.   Nos. 4:13-cv-499-DPM | |
| RENEE S. WILLIAMS, Chapter 7 Trustee, LHSW; MICHAEL E. COLLINS, Chapter 11 Trustee; ESTATE OF WANDA J. STEPHENS; DAVID KIMBRO STEPHENS, Individually and on behalf of the A. K. Tennessee Irrevocable Trust, the Kimbro Stephens Insurance Trust, and their equitable beneficiaries; A. K. TENNESSEE IRREVOCABLE TRUST; UNITED STATES TRUSTEE; KIMBRO STEPHENS INSURANCE TRUST; and LIVING HOPE INSTITUTE, INC. | APPELLEES |
| and | |
| JAMES J. NAPLES, Assignee of Pinewood Enterprises | APPELLANT |
| v.   No. 4:13-cv-547-DPM | |
| RENEE S. WILLIAMS, Chapter 7 Trustee, LHSW and MICHAEL E. COLLINS, Chapter 11 Trustee, LHSE | APPELLEES |
| and | |
| JAMES J. NAPLES, Assignee of Pinewood Enterprises | APPELLANT |
| v.   No. 4:13-cv-667-DPM | |
| RENEE S. WILLIAMS, Chapter 7 Trustee, LHSW; UNITED STATES | |

| | |
|---|---|
| TRUSTEE; and MICHAEL E. COLLINS, Chapter 11 Trustee | APPELLEES |

and

| | |
|---|---|
| A.K. TENNESSEE IRREVOCABLE TRUST; KIMBRO STEPHENS INSURANCE TRUST; DAVID KIMBRO STEPHENS, Individually and on behalf of all the equitable beneficiaries of the Kimbro Stephens Insurance Trust and the A.K. Tennessee Irrevocable Trust | APPELLANTS |

v.  No. 4:13-cv-670-DPM

| | |
|---|---|
| RENEE S. WILLIAMS; MICHAEL E. COLLINS; UNITED STATES TRUSTEE; LIVING HOPE INSTITUTE, INC.; ESTATE OF WANDA J. STEPHENS, a/k/a Wanda J. Stephens; and JAMES J. NAPLES | APPELLEES |

and

| | |
|---|---|
| GREG STEPHENS | APPELLANT |

v.  No. 4:13-cv-723-DPM

| | |
|---|---|
| RENEE S. WILLIAMS, Chapter 7 Trustee, LHSW; MICHAEL E. COLLINS, Chapter 11 Trustee; JAMES J. NAPLES, Assignee of Pinewood Enterprises, L.C.; U.S. TRUSTEE; LIVING HOPE INSTITUTE, INC.; A.K. TENNESSEE IRREVOCABLE TRUST; KIMBRO STEPHENS INSURANCE TRUST; and DAVID KIMBRO STEPHENS, Individually and on behalf of the A.K. Tennessee Irrevocable Trust, the Kimbro Stephens Insurance Trust, and their equitable beneficiaries | APPELLEES |

and

JAMES J. NAPLES, as Assignee
of Pinewood Enterprises, L.C.                                    APPELLANT

v.                              No. 4:14-cv-201-DPM

RENEE S. WILLIAMS, Chapter 7 Trustee
and MICHAEL E. COLLINS, Chapter 11 Trustee         APPELLEES

ORDER

1.  The Court has consolidated six appeals arising from one bankruptcy case. It's a tangle—factually, legally, and procedurally. The complicated history is well told in the bankruptcy court's July 2013 Addendum To: Order Granting Motions to Appoint Trustee. № 1-30. The title of that opinion hints at the threshold issue: the timeliness of three of the appeals.

After several days of trial, the bankruptcy court entered an order granting motions to appoint a trustee. In that order, the court said several times that it would supplement its findings in a memorandum opinion. The court did so—the addendum. There were various motions to reconsider, one before the addendum and two after. All were denied. Then came the notices of appeal.

The motions to dismiss challenge this Court's jurisdiction in cases 4:13-cv-667, 4:13-cv-670, and 4:13-cv-723. The question presented is the timeliness of the notices. And behind that question is a dispute about the finality of the

April trustee order and the July addendum to it.

A timeline gives the specifics.

- 19 April 2013     Bankruptcy court granted the motions to appoint a chapter 11 trustee for Living Hope Southeast. № 1-17; B. № 220.[1]

- 2 May 2013     Bankruptcy court appointed trustee. B. № 227.

- 3 May 2013     Naples moved to alter or amend April order approving a trustee. B. № 229.

- 9 July 2013     Bankruptcy court filed addendum to the April order approving a trustee. № 1-30; B. № 293.

- 17 July 2013     Bankruptcy court denied Naples's motion to alter or amend the April order approving a trustee. B. № 318.

- 23 July 2013     Greg Stephens moved to reconsider the addendum and "all preceding orders to which [it] applies." B. № 329.

- 23 July 2013     Kimbro Stephens, on behalf of A.K. Tennessee Irrevocable Trust, moved to amend the order approving a trustee and the addendum. B. № 330.

- 23 September 2013     Bankruptcy Court denied both Stephenses' motions. B. № 384 &385.

- 7 October 2013     All Notices of Appeal filed.

---

[1] The *B. №* shorthand denotes bankruptcy court filings.

4

**2.** A timely notice of appeal is essential to this Court's jurisdiction. *In re Delta Engineering International, Inc.*, 270 F.3d 584, 586 (8th Cir. 2001). There are many appellants here.[2] They're all in the same boat because the notices of appeal were filed on the same day. To be timely, the notices had to be filed within fourteen days of the appealable order. FED. R. BANK. P. 8002(a). A timely and qualifying post-order motion, however, tolls the deadline for a notice of appeal until fourteen days after the bankruptcy court decides the last such motion. FED. R. BANK. P. 8002(b).

The appellees[3] argue that the notices were too late. They say the notices were due fourteen days after the bankruptcy court denied Naples's timely motion to reconsider the April order deciding that there would be a trustee. Naples, and the other appellants, respond that the April order anticipated a further explanatory opinion, which came in the July addendum; the Stephens's timely motions to reconsider the addendum, and the prior related

---

[2] James J. Naples, The A. K. Tennessee Irrevocable Trust, the Kimbro Stephens Insurance Trust, David Kimbro Stephens, and Greg Stephens as Personal Representative of the Estate of Wanda Stephens.

[3] Nancy Gargula, United States Trustee for Region 13, and Renee S. Williams, Trustee of Living Hope Southwest Medical Services, LLC.

5

orders, tolled the appeal time; and the notices were filed within fourteen days after the bankruptcy court denied those motions. The timeliness of the notices thus turns on the finality — the appealability — of the April order and the July addendum.

3. Absent permission from this Court, only "final judgments, orders, and decrees" are appealable in a core proceeding. 28 U.S.C. § 158(a). Finality in a bankruptcy case, though, is "a broader, more flexible concept . . ." than in a non-bankruptcy case. *Ritchie Special Credit Investments, Ltd. v. U.S. Trustee*, 620 F.3d 847, 852 (8th Cir. 2010). It's settled law that an order granting appointment of a trustee is a final appealable order. *Ritchie*, 620 F.3d at 852–53. The usual considerations informing the finality question thus don't fit this case particularly well. We know, as a general matter, that trustee orders are appealable. The question is, when, in the odd circumstances presented, an appeal should have been taken from the April order and July addendum.

The finality of the April order is murky. It unequivocally found good cause to grant the motions for a trustee. The court made factual findings and applied the governing law. Naples treated it as an appealable order by filing a prompt tolling motion for reconsideration. The court picked the trustee in

6

early May. On the other hand, the April order left more to do than plug in the trustee's name. Just as unequivocally, the bankruptcy court said that more findings were coming. This was not a passing remark: five times in the course of its April order the court stressed that a more-detailed opinion would follow. № 1-17; B. № 220 at 3, 6, 10, 13, & 15. The court closed the order on this very note: "For these reasons and for the reasons to be described in more detail in a Memorandum Opinion to follow, the Court hereby **GRANTS** the Motions to Appoint Trustee." № 1-17; B. № 220 at 15.

While the April order would have been sufficient in the eyes of many, the bankruptcy court here believed that comprehensive and detailed findings based on four days of trial were necessary and heralded its intention to make them. The seventy-two page addendum is a model of thoroughness. As that court recognized and said, the July addendum "should be read in conjunction with the [April order]." № 1-30; B. № 293 at 1. The July addendum made additional findings—it's more than four times as long as the April order. The court described the extensive litigation history, and evaluated why certain parties acted as they did in that contentious maneuvering, all of which informed the trustee decision. And the court expanded its findings based on

7

the testimony and exhibits received during the four days of trial. This elaboration was material to the court's decision to appoint a trustee in the circumstances presented.

To all this, appellees reasonably respond: the bottom line didn't change. True. But the addendum was planned from the start, and it shows the bankruptcy court's reasoning in full flower. This was not some unexpected judicial act. *Compare Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 208–09 (1952). This was not merely the correction of a clerical error. *Compare United States v. 1,431.80 Acres of land, More or Less, in Cross County, Arkansas*, 466 F.2d 820, 822 (8th Cir. 1972). "A final judgment is a court's act which disposes of the matter under consideration in a manner which clearly indicates the judge's intention that the act is a final one." *Ibid.* Here, the bankruptcy court's April order handled the trustee issue and clearly indicated more findings — the final act — were yet to come.

This Court will review the trustee decision for an abuse of discretion. *Ritchie*, 620 F.3d at 853. When a trial court has a range of permissible decisions, exactly why the choice was made is crucial. Discretion is abused when a court considers something it shouldn't, doesn't consider something it

should, or makes a clear error of judgment in weighing all the material circumstances. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004); *In re Bieter Company*, 16 F.3d 929, 933 (8th Cir. 1994). A clear error of fact, or a mistake of law, can also invalidate a judgment call. *Ritchie*, 620 F.3d at 853. Appellees rely on precedent holding that an appellate court reviews judgments, not reasoning. But this principle operates in service of an appellate court's power to affirm on any ground supported by the record. *E.g., United States Gypsum Co. v. Greif Brothers Cooperage Corp.*, 389 F.2d 252, 262 (8th Cir. 1968). Here, by contrast, in evaluating the bankruptcy court's discretionary decision to appoint a trustee, this Court must scrutinize the bankruptcy court's reasoning and findings.

This is an unusually complex case. The bankruptcy court's handling of the trustee issue with the order-addendum two step was likewise unusual. Supplemental opinions aren't the norm, nor should they be, in part because of the finality tangles that can come with additional findings. But the play in the joints of finality doctrine in bankruptcy cases accommodates what happened. After the April order, the bankruptcy court had something more to do besides picking the trustee; the full record necessitated a fuller

9

explanation of its decision. The few months' pause prejudiced no party, did not encumber the proceeding unnecessarily, and will aid appellate review. *Ritchie*, 620 F.3d at 852. The April order and July addendum must and should be read together. Regardless of whether the April order was final enough to be appealable, the bankruptcy court's decision to appoint a trustee was appealable after the court completed its final judicial act on the matter in the addendum. *1,431.80 Acres of Land*, 466 F.2d at 822. The July motions to reconsider tolled the time for all parties to appeal. The notices were timely.

\* \* \*

Motions to dismiss — № 11, 13, 17, 20, & 22 — denied on jurisdiction, but denied without prejudice to renewal of the no-standing points in the merits briefing. Appellants' briefs due by 15 October 2014; appellees' briefs due twenty-one days after filing of the brief being responded to; reply briefs due ten days thereafter.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

26 September 2014

10